UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

| | | |
|---|---|---|
| TANGELIA MADDOX f/k/a TANGELIA MOORE, | § § § | Case No. |
| Plaintiff, | § § § | COMPLAINT FOR DAMAGES UNDER THE THE TELEPHONE CONSUMER PROTECTION ACT, |
| v. | § § | THE TEXAS DEBT COLLECTION PRACTICES ACT AND OTHER |
| SMILE BRANDS FINANCE, INC., | § § | EQUITABLE RELIEF |
| Defendant. | § § | JURY TRIAL DEMANDED |

## PARTIES

1. Plaintiff, Tangelia Maddox f/k/a Tangelia Moore ("Tangelia"), is a natural person who resided in Fort Worth, Texas, at all times relevant to this action.

2. Defendant, Smile Brands Finance, Inc. ("SBF"), is a Delaware Corporation that maintained its principal place of business in Irvine, California at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over the Tangelia's claim under the Texas Debt Collection Practices Act ("TDCPA"), Tex. Fin. Code §§ 392, *et seq.*, because that claim shares a common nucleus of operative facts with Tangelia's claim under the TCPA. S*ee Cunningham v. Advanta Corp.*, 2009 WL 290031, *7 (N.D. Tex. Feb. 3, 2009) (in TCPA case, court exercised supplemental jurisdiction over TDCPA claims).

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6. In or around January 2017, SBF was calling Tangelia on her cellular telephone number ending in -6314 in connection with an alleged debt related to dental services provided to Tangelia's daughter.

7. On or around January 23, 2017, Tangelia spoke with an SBF representative.

8. During that conversation, Tangelia indicated that she was unable to pay the alleged debt and communicated her desire that SBF cease calling her.

9. In response, the SBF agent advised Tangelia that her telephone number was being called through SBF's automated dialer and that SBF's calls would continue.

10. Tangelia reiterated her desire that SBF cease calling her.

11. Notwithstanding the above-described communication, SBF continued to call Tangelia on her cellular telephone number ending in -6314 on an almost daily basis, typically multiple times per day.

12. For example, on January 23, 2017, the same day on which Tangelia communicated her desire that SBF cease calling her, SBF called Tangelia back at 10:15 a.m. and 3:45 p.m..

13. In addition, SBF placed the following calls to Tangelia's cellular telephone number ending in -6314:

   a. January 25, 2017: 10:34 a.m., 3:47 p.m.

   b. January 26, 2017: 10:36 a.m., 2:39 p.m., 3:03 p.m.

   c. January 27, 2017: 9:36 a.m., 11:48 a.m., 2:33 p.m., 2:54 p.m.

   d. January 27, 2017: 9:01 a.m.

   e. January 30, 2017: 10:43 a.m., 2:32 p.m., 5:34 p.m.

   f. January 31, 2017: 9:23 a.m., 10:31 a.m., 2:41 p.m.

    g.  February 1, 2017: 12:33 p.m., 3:39 p.m.

    h.  February 2, 2017: 9:49 a.m., 12:46 p.m., 3:19 p.m.

    i.  February 3, 2017: 10:34 a.m.

    j.  February 4, 2017: 9:10 a.m., 2:54 p.m.

    k.  February 8, 2017: 2:29 p.m., 3:11 p.m.

    l.  February 9, 2017: 4:08 p.m.

    m.  February 10, 2017: 10:05 a.m.

    n.  February 11, 2017: 9:26 a.m.

14. In addition to the above-referenced calls, SBF has continued to placed multiple calls per day to Tangelia's cellular telephone number ending in -6314.

15. SBF's collection efforts, including but not limited to its telephone calls, caused Tangelia emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

16. SBF's collection efforts also intruded upon Tangelia's privacy.

17. In addition, each time SBF placed a telephone call to Tangelia, SBF occupied Tangelia's telephone number such that Tangelia was unable to receive other phone calls at that telephone number while SBF was calling her.

18. SBF's telephone calls also forced Tangelia to lose time by having to tend to SBF's unwanted calls.

## COUNT ONE

### Violation of the Telephone Consumer Protection Act

19. Tangelia re-alleges and incorporates by reference Paragraphs 6 through 18 above as if fully set forth herein.

20. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

21. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

22. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

23. A telephone dialing system with predictive dialer functionality is an ATDS within the meaning of the TCPA.  *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules*

*& Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

24. SBF used a telephone dialing system with predictive dialer functionality to place calls to Tangelia on her cellular telephone.

25. During the January 23, 2017 conversation described in Paragraphs 7-10, *supra*, SBF's representative acknowledged that SBF was using an automated dialing system to place calls to Tangelia's cellular telephone number ending in -6314

26. The TCPA provides, in part:

> (b)   RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > >
> > > * * *
> > >
> > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

27. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961,7999-8000, ¶ 72-73 (2015).

28. Tangelia was the "called party" in each telephone call SBF placed to Tangelia's cellular telephone.

29. The "called party" may revoke any prior consent to be called on his or her cellular phone in any reasonable manner. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7993, ¶ 55 (2015); *Brown v. Credit Mgmt., LP*, 131 F. Supp. 3d 1332, 1345 (N.D. Ga. 2015) ("The unwillingness [to receive calls] 'may be manifested to the actor by any words or conduct inconsistent with the continued consent.'").

30. SBF violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Tangelia on her cellular telephone without Tangelia's prior express consent after such consent had been revoked.

31. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

32. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

33. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc*. 2015 WL 1522244, *9 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*,


28. Tangelia was the "called party" in each telephone call SBF placed to Tangelia's cellular telephone.

29. The "called party" may revoke any prior consent to be called on his or her cellular phone in any reasonable manner. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7993, ¶ 55 (2015); *Brown v. Credit Mgmt., LP*, 131 F. Supp. 3d 1332, 1345 (N.D. Ga. 2015) ("The unwillingness [to receive calls] 'may be manifested to the actor by any words or conduct inconsistent with the continued consent.'").

30. SBF violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Tangelia on her cellular telephone without Tangelia's prior express consent after such consent had been revoked.

31. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

32. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

33. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc*. 2015 WL 1522244, *9 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*,

2013 WL 1154206, *7 (N.D. Ill. Mar. 19, 2013); *Stewart v. Regent Asset Mgmt. Solutions, Inc.*, 2011 WL 1766018, *7 (N.D. Ga. May 4, 2011).

34. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 WL 1154206, at *7; see also *Roylance*, 2015 WL 1522244, at *9 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

35. SBF voluntarily placed telephone calls to Tangelia's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

36. SBF's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## COUNT TWO

### Violation of the Texas Debt Collection Practices Act

37. Tangelia re-alleges and incorporates by reference Paragraphs 6 through 18 above as if fully set forth herein.

38. SBF is a "debt collector" as that term is defined in the TDCPA, Tex. Bus. & Com. Code § 392.001(6). *See Davis v. Wells Fargo Bank, N.A.*, 976 F. Supp. 2d 870, 885 (N.D. Tex. 2013) (TDCPA's definition of "debt collector" is not limited to third-party debt collectors and includes "anyone 'who directly or indirectly engages in debt collection'").

39. Tangelia is a "consumer" as that term is defined in the TDCPA, Tex. Bus. & Com. Code § 392.001(1).

40. The alleged debt for which SBF was attempting to contact Tangelia was incurred primarily for personal, family, or household purposes and arose from a transaction.

41. Thus, the alleged debt for which SBF was attempting to contact Tangelia is a "consumer debt" as that term is defined in the TDCPA, Tex. Bus. & Com. Code § 392.001(2).

42. Section 392.302 of the TDCPA provides, in part:

    In debt collection, a debt collector may not oppress, harass, or abuse a person by…(4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

    Tex. Bus. & Com. Code § 392.302(4).

43. SBF violated Section 392.302 of the TDCPA by refusing to take the *de minimus* step of removing Tangelia's cellular telephone number ending in -6314 from SBF's automated dialer and continuing to bombard Tangelia with unwanted calls on an almost daily basis, typically multiple times a day.

## JURY DEMAND

44. Tangelia demands a trial by jury.

## PRAYER FOR RELIEF

45. Tangelia prays for the following relief:

    a. An order enjoining SBF from placing further telephone calls to Tangelia's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    b. Judgment against SBF for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call SBF made in violation of the TCPA.

    c. Judgment against SBF for actual damages and reasonable attorney's fees pursuant to Tex. Bus. & Com. Code § 392.403.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

**[SIGNATURE ON FOLLOWING PAGE]**

                              RESPECTFULLY SUBMITTED,

                              Hyslip & Taylor, LLC LPA

Date: March 1, 2017                By:   /s/ David M. Menditto
                                              One of Plaintiff's Attorneys

                                              David M. Menditto, Esq.
                                              Illinois State Bar No. 6216541
                                              1100 W. Cermak Rd., Suite B410
                                              Chicago, IL  60608
                                              Telephone: 312-380-6110
                                              Facsimile: 312-361-3509
                                              Email: davidm@fairdebt411.com